# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER TRIGUEROS | CIVIL ACTION |
| VERSUS | NO. 17-10960 |
| NEW ORLEANS CITY ET AL | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendant's motion to dismiss, R. Doc. 5. Plaintiff responds in opposition, R. Doc. 7. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

## I. BACKGROUND

From February 2015 to January 2017, Plaintiff Jennifer Trigueros was employed by Defendants New Orleans City ("City") and Coroner Jeffrey Rouse ("Rouse") as a death investigator. R. Doc. 1 at 2. The position of death investigator was classified as exempt from overtime and Plaintiff was not paid overtime though she was often required to work more than 40 hours per week. R. Doc. 1 at 3. Plaintiff alleges that Defendants misclassified her job position and that she was entitled to overtime wages. R. Doc. 1 at 3. Plaintiff further alleges that she was terminated from her position because she complained about the lack of overtime wages on Facebook. R. Doc. 1 at 3-4. Plaintiff brings claims for overtime wages and damages for retaliatory termination under the FLSA. R. Doc. 1 at 4. Plaintiff additionally brings claims for overtime and vacation pay under the LWPA. R. Doc. 1 at 5.

Defendant New Orleans City answers the complaint generally denying Plaintiff's allegations. R. Doc. 6. City also asserts the following defenses: failure to state a claim, prescription,

1

and failure to mitigate. R. Doc. 6 at 1.

## II. PENDING MOTION

Defendant Rouse has filed a motion to dismiss for failure to state a claim. R. Doc. 5. First, Defendant argues that the FLSA does not apply to Plaintiff's claims because she only worked in intrastate commerce. R. Doc. 5 at 4-5. Defendant claims that Plaintiff only worked within Orleans Parish and was not connected with interstate commerce. R. Doc. 5 at 5. Second, and in the alternative, Defendant argues that if the FLSA does apply it preempts Plaintiff's Louisiana state law claims. R. Doc. 5 at 5. Third, Defendant argues that Plaintiff has not alleged a protected activity under the FLSA. R. Doc. 5 at 6. Defendant argues that posting to Facebook is not a protected activity because does not qualify as "filing a complaint" under the FLSA. R. Doc. 5 at 6-7. Finally, Defendant argues that he is entitled to qualified immunity and state statutory immunity. R. Doc. 5 at 8.

Plaintiff responds in opposition arguing that she has clearly alleged that Defendant is subject to and has violated the FLSA. R. Doc. 7 at 3. Plaintiff argues that it is too early to dismiss her claims based on the information in Defendant's motion because she has made the asserted allegations in her complaint. Plaintiff requests that if any portion of her complaint is deficient she be allowed to amend. R. Doc. 7 at 4.

## III. LAW & ANALYSIS

### a. Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

   b. **Discussion**

Here, the Court has been provided only the bare bones facts in Plaintiff's complaint. Therefore, the Court finds that it does not have sufficient information to make a determination regarding Defendant's motion to dismiss. It is appropriate in this case to allow the Plaintiff to amend her complaint in order to provide sufficient facts to determine application of the FLSA and immunity.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 5, is **DENIED** at this time. Defendant may reurge the motion at a later date.

**IT IS FURTHER ORDERED** that Plaintiff may amend her complaint to plead additional

facts. Plaintiff's amendment must be submitted within thirty (30) days of this order.

New Orleans, Louisiana, this 13th day of March, 2018.

                                              *Eldon E. Fallon*
                                        UNITED STATES DISTRICT JUDGE