UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER TRIGUEROS | CIVIL ACTION |
| VERSUS | NO. 17-10960 |
| NEW ORLEANS CITY ET AL | SECTION "L" (4) |

**ORDER & REASONS**

Before the Court is Defendant's motion to dismiss, R. Doc. 18. Plaintiff responds in opposition, R. Doc. 19. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

**I. BACKGROUND**

From February 2015 to January 2017, Plaintiff Jennifer Trigueros was employed by Defendants New Orleans City ("City") and Coroner Jeffrey Rouse ("Rouse") as a death investigator. R. Doc. 1 at 2. The position of death investigator was classified as exempt from overtime and Plaintiff was not paid overtime even though she was often required to work more than 40 hours per week. R. Doc. 1 at 3. Plaintiff alleges that Defendants misclassified her job position and that she was entitled to overtime wages. R. Doc. 1 at 3. Plaintiff further alleges that she was terminated from her position because she complained about the lack of overtime wages on Facebook. R. Doc. 1 at 3-4. Plaintiff brings claims for overtime wages and damages due to retaliatory termination under the FLSA. R. Doc. 1 at 4. Plaintiff additionally brings claims for overtime and vacation pay under the LWPA. R. Doc. 1 at 5.

Defendant New Orleans City answers the complaint generally denying Plaintiff's

1

allegations. R. Doc. 6. City also asserts the following defenses: failure to state a claim, prescription, and failure to mitigate. R. Doc. 6 at 1. Defendants filed a 12(b)(6) motion on December 22, 2017. R. Doc. 5. The Court denied the motion and allowed Plaintiff to amend her complaint to add sufficient facts. R. Doc. 12. Plaintiff amended her complaint in April 2018. R. Doc. 17. Defendants have renewed their motion to dismiss. R. Doc. 18.

## II. PENDING MOTION

Defendant Rouse has filed a motion to dismiss for failure to state a claim. R. Doc. 18. First, Defendant argues that because Plaintiff has alleged claims under the FLSA the LWPA claims are barred. R. Doc. 18-1 at 1, 4. Defendant argues that claims under the LWPA are preempted by the FLSA and should be dismissed. R. Doc. 18-1 at 5.

Second, Defendant argues that Plaintiff has not alleged a protected activity under the FLSA. R. Doc. 18 at 1. Defendant argues that posting to Facebook is not a protected activity because it does not qualify as "filing a complaint" under the FLSA. R. Doc. 18 at 6. Defendant alleges that Plaintiff did not file a formal complaint with her employer and that her Facebook post does not qualify as an informal complaint. R. Doc. 18-1 at 6-7. Defendant notes that Plaintiff's Facebook post was not directed at her employer and did not allege any unlawful behavior. R. Doc. 18-1 at 7-8. Additionally, Facebook is not a recognized forum for protected activity under the FLSA. R. Doc. 18-1 at 7. Therefore, Plaintiff's FLSA claims should be dismissed because she cannot sustain a claim for retaliation. R. Doc. 18-1 at 8.

Finally, Defendant argues that he is entitled to qualified immunity and state statutory immunity. R. Doc. 18 at 2, 8. Defendant argues that he is entitled to qualified immunity because it is not, and was not at the time Plaintiff was terminated, clearly established that posting to social media is a protected activity under the FLSA. R. Doc. 18-1 at 9. Defendant further argues

2

that he is entitled to state statutory immunity because retention of personnel is a discretionary choice of the Defendant as coroner. R. Doc. 18-1 at 11.

Plaintiff responds in opposition. R. Doc. 19. First, Plaintiff argues that her state law claims should not be dismissed as preempted because she is permitted to plead alternative theories. R. Doc. 19 at 3. Second, Plaintiff argues that her FLSA retaliation claim should not be dismissed because at the motion to dismiss state the court must assume her allegations that she engaged in protected activity to be true. R. Doc. 19 at 3. Finally, Plaintiff argues that Defendant is not entitled to qualified immunity because there is no Fifth Circuit precedent establishing qualified immunity for FLSA claims at the pleading stage. R. Doc. 19 at 3.

### III. LAW & ANALYSIS

#### a. Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### b. FLSA & LWPA Claims

In her amended complaint, Plaintiff claims a violation of the FLSA for unpaid wages for overtime that she worked. R. Doc. 17 at 4. Plaintiff also claims that she is owed unpaid overtime wages under the Louisiana Wage Payment Act ("LWPA"). R. Doc. 17 at 4-5. Plaintiff cannot recover unpaid overtime wages under both the FLSA and LWPA because the state law claims are preempted if the employee was engaged in interstate commerce. *Little v. Mizell*, 2016 WL 3430489 at *4 (E.D. La. 2016) (citing *Kidder v. Statewide Transport, Inc.*, 13-594, p.6 (La. App. 3 Cir. 12/18/13); 129 So.3d 875, 880; *Divine v. Levy*, 36 F. Supp. 55, 58 (W.D. La. 1940)). Plaintiff argues that it is premature to determine preemption because she is permitted to plead in the alternative. However, this Court has previously made determinations regarding preemption of LWPA claims by the FLSA at the motion to dismiss stage. *See England v. Adm'rs of the Tulane Educ. Fund*, 2016 WL 6520146 (E.D. La. 2016). Here, Plaintiff alleges that she was engaged in interstate commerce and that the FLSA applies. R. Doc. 17 at 2. Therefore, Plaintiff's LWPA claims are preempted.

### c. FLSA Protected Activity

Under the FLSA, an employer may not

> discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215 (a)(3). To make a retaliation claim under the FLSA a plaintiff must show "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a

4

causal link between the activity and the adverse action." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). "If [Plaintiff] cannot prove that he was engaged in protected activity under Section 215(a)(3), then he cannot make out a viable [retaliation] claim under the FLSA." *Id.* An informal, internal complaint may constitute filing a complaint and thus be a protected activity. *Id.* at 625-26 (listing examples where employees communicated an alleged violation of law to their employer). "[H]owever, not all 'abstract grumblings' or vague expressions of discontent are actionable as complaints." *Id.* at 626. "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

Here, Plaintiff's Facebook post does not qualify as a protected activity under the FLSA. First, while Plaintiff's post may be categorized as a complaint, it fails to meet the requirements here because it was not a complaint directed in any way at her employer. The post was to a personal social media page. While some of these pages, depending on privacy settings, may be viewed by the public, the general audience of a social media post is friends and acquaintances. Though an employee may be connected to coworkers and her employer on a social media site, the Court has not found an example of a social media post qualifying as a complaint to an employer or protected activity under the FLSA.

Second, even if Plaintiff's social media post was somehow a communication to her employer it is not "an assertion of rights . . . and a call for their protection." The majority of Plaintiff's complaint was focused on the unfair and/or inconsiderate behavior of a coworker. It is not until the very end of the post that Plaintiff mentions, as an aside, that she did not receive

overtime pay. Nowhere in the post does Plaintiff claim she is legally entitled to overtime pay or even argue that she should be receiving overtime pay. Therefore, the content of this post is not sufficiently clear or detailed to qualify as a protected activity.

### d. Qualified & Statutory Immunity

Defendant's arguments regarding qualified and/or state statutory immunity are directed only toward Plaintiff's retaliation claim. Because the Court has found that Plaintiff cannot support his claim, it does not need to reach the immunity issues. Additionally, because Defendant makes no arguments applying his immunity claims to Plaintiff's claims for overtime wages, the Court declines to determine at this time whether immunity applies to the overtime claims in Defendant's personal capacity. Defendant may reurge these issues at a later date.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's LWPA claims against the coroner are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claims against the coroner under the FLSA are **DISMISSED**.

New Orleans, Louisiana, this 23rd day of May, 2018.

                                             UNITED STATES DISTRICT JUDGE